IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 03-D-1475 (BNB)

APRIL GARCIA,

    Plaintiff(s),

v.

JOHN SNOW, Secretary, Department of the Treasury,

    Defendant(s).

_____

**ORDER**
_____

THIS MATTER comes before the Court on a hearing on pending motions, held Monday, August 29, 2005, during which I heard argument from counsel concerning Defendant's Motion in Limine, filed June 1, 2005, Plaintiff's Motion in Limine, filed July 22, 2005; Defendant's Notice Concerning Introduction of Evidence That May Be Covered by Fed. R. Evid. 412, filed August 24, 2005, Defendant's Motion to Leave to: (1) Allow Witness to Testify Out of Order over Plaintiff's Objection; (2) Take Preservation Deposition of Dave Cruz; or (3) Allow Witness to Testify by Telephone (or Video Conference, if available), filed August 22, 2005, Defendant's Motion to Leave to Supplement Exhibits with Updated Records and to Allow Experts to Rely on Updated Records, filed August 22, 2005, and Defendant's Motion to Submit Under Seal Exhibits D–H and K–R Referenced in Defendant's Motion for Leave to Supplement Exhibits with Updated Records and to Allow Experts to Rely on Updated Records, filed August 22, 2005. This Order is meant to memorialize the Court's orders made during the August

29, 2005 hearing.

Accordingly, for the reasons more fully stated during the August 29, 2005 hearing, it is

ORDERED that Defendant's Motion in Limine, filed June 1, 2005, is **GRANTED in part**, **DENIED in part**, and **DEFERRED in part** as follows:

(A)  Defendant's Motion in Limine is **DENIED WITHOUT PREJUDICE** to the extent it requests media accounts of the events involved in this case be excluded;

(B)  Defendant's Motion in Limine is **GRANTED** as to the exclusion at trial of other tribunal's findings of facts, with the following conditions: Plaintiff is not foreclosed from using this evidence as rebuttal evidence, but may not refer to this finding of fact in her opening argument;

(C)  Defendant's Motion in Limine concerning evidence relative to other formal or informal complaints by persons other than Plaintiff is **DENIED**, with the following condition: Plaintiff may not reference the Mint employees' class action complaint during her opening statement;

(D)  Defendant's Motion in Limine concerning evidence of discovery disputes is **GRANTED**;

(E)  Defendant's Motion in Limine concerning evidence of other supervisors or time frames not proximate to Plaintiff's complaint is **GRANTED** to the extent it seeks to exclude any evidence outside the time frames covered by this case, and **DENIED** to the extent it seeks to exclude documents

        outside the time frame, which directly refer to Plaintiff or relate to the events that occurred while Plaintiff was employed with the Denver Mint;

(F)    Defendant's Motion in Limine concerning evidence related to the private lives of Mint employees is **DEFERRED** until trial;

(G)    Defendant's Motion in Limine concerning exclusion of evidence of unexhausted claims is **DENIED**, as the Court has previously ruled on this issue and found that Plaintiff's exhaustion of administrative remedies was proper.  In addition to the foregoing, it is

FURTHER ORDERED that Plaintiff's Motion in Limine, filed July 22, 2005, is **DENIED in part** and **DEFERRED in part** as follows:

(A)    Plaintiff's Motion in Limine relating to matters raised by Fed. R. Evid. 412 and Defendant's Notice Concerning Introduction of Evidence That May Be Covered by Fed. R. Evid. 412, filed August 24, 2005, are **DEFERRED** to trial and will be addressed on **Monday, September 12, 2005 at 8:30 a.m.**;

(B)    Plaintiff's Motion in Limine concerning the testimony of Defendant's witness Lou Garcia is **DEFERRED** to trial;

(C)    Plaintiff's Motion in Limine concerning the exclusion of the testimony of Defendant's expert witness Dr. Brent Van Dorsten is **DENIED**.  It is

FURTHER ORDERED the parties **MEET and CONFER** on issues raised by Plaintiff's Motion in Limine concerning the parties' prior factual stipulations.  It is

FURTHER ORDERED that Defendant's Motion to Leave to: (1) Allow Witness to Testify Out of Order over Plaintiff's Objection; (2) Take Preservation Deposition of Dave

Cruz; or (3) Allow Witness to Testify by Telephone (or Video Conference, if available), filed August 22, 2005, is **GRANTED in part** and **DENIED in part**. It is **GRANTED** to the extent that Mr. Cruz's preservation deposition may be taken before trial. It is **DENIED** to the extent it seeks to have the witness testify out of order, by telephone, or by video conference. If Mr. Cruz's deposition is taken, the video and the transcript shall be produced at trial. It is

FURTHER ORDERED that the parties **MEET and CONFER** concerning Defendant's Motion to Leave to Supplement Exhibits with Updated Records and to Allow Experts to Rely on Updated Records, filed August 22, 2005. It is

FURTHER ORDERED that Defendant's Motion to File Under Seal Exhibits D–H and K–R Referenced in Defendant's Motion for Leave to Supplement Exhibits with Updated Records and to Allow Experts to Rely on Updated Records, filed August 22, 2005, is **GRANTED**. It is

FURTHER ORDERED that the parties **MEET and CONFER** to finalize the witness list. If the parties cannot reach agreement, Plaintiff shall file a motion with the Court by **Thursday, September 1, 2005.** It is

FURTHER ORDERED that the issues of front and back pay are equitable remedies that will be decided by the Court. These matters shall be presented to the Court during the trial but outside the presence of the jury. It is

FURTHER ORDERED that the parties **MEET and CONFER** to draft a joint statement of the case, which must be filed with the Court by **Tuesday, September 6, 2005**. It is

FURTHER ORDERED that the parties shall **MEET and CONFER** to reach further agreement upon substantive jury instructions.  Such jury instructions shall be filed with the Court by **Tuesday, September 6, 2005**.  It is

FURTHER ORDERED that, if necessary, the parties agree to a stipulation regarding the identity of April Garcia that can be presented to the jury during *voir dire*.

Dated:  August 31, 2005

                                                BY THE COURT:

                                                <u>s/ Wiley Y. Daniel</u>
                                                Wiley Y. Daniel
                                                U. S. District Judge